UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| RALPH BAZE, | ) |
| Plaintiff, | ) Civil Action No. 3: 10-22-DCR |
| V. | ) |
| SALLY JUMP, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Ralph Baze, an individual incarcerated at the Kentucky State Penitentiary, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. [Record No. 3] Previously, the Court granted Baze's request to pay the filing fee in installments pursuant to 28 U.S.C. § 1915. [Record No. 4] Having reviewed the complaint,[1] the Court concludes that the defendants are entitled to quasi-judicial immunity with respect to several claims asserted by the plaintiff. Further, the Court declines to exercise supplemental jurisdiction over the remaining pendent state law claim.

**I.**

Baze alleges that, on February 12, 2010, he mailed a complaint and motion to proceed *in forma pauperis* to Defendant Jump, the Clerk of the Franklin Circuit Court. He contends that

---

[1] The Court conducts a preliminary review of civil rights complaints pursuant to 28 U.S.C. § 1915A. Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). At this stage, the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

the fee motion included an affidavit of indigency and certification of inmate account as required by Kentucky law. [Record No. 3, p. 2, ¶ 4] Nonetheless, on March 12, 2010, Baze received a letter from Jump indicating that he had filled-out the wrong form for the fee motion. The letter further directed Baze to complete and file the new forms provided. Baze asserts that he complied with Jump's request. [*Id.*, ¶ 5]

On March 16, 2010, Baze asserts that he received another letter from Jump, again stating that he had filled-out the wrong paperwork, and requesting that he complete the provided forms and file a renewed fee motion along with another copy of his complaint. Baze indicates that he again complied with Jump's instructions. [*Id.*, p. 5, ¶ 6] However, he alleges that on April 7, 2010, he received a box of documents from Jump which included all seven copies of the complaint he originally filed, accompanied by a third request that he complete and file a fee motion. [*Id.*, ¶ 7] Baze alleges that on April 8 and 9, 2010, the attorney appointed to represent him in post-conviction proceedings together with his prison case worker made independent telephone calls to the Franklin Circuit Court Clerk's Office. Baze contends that each was told that he would need to resubmit everything he had filed for further review. [*Id.*, ¶¶ 8-9] Baze indicates that, because he was unconvinced that the staff at the clerk's office were acting in good faith, he chose to file in this Court the complaint he had originally tendered to the Franklin Circuit Court. [*Id.*, ¶ 10]

Through his complaint, Baze contends that the defendants violated his right to petition the courts for redress of his grievances under the First Amendment, as well as his rights to equal protection and the due process of law under the Fourteenth Amendment. Baze has sued Jump

in her individual and official capacity as the Clerk of the Franklin County Circuit Court. He seeks compensatory and punitive damages.

## II.

Federal law requires that courts screen complaints filed by prisoners which assert civil claims against governmental entities or employees and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Because a claim must state sufficient factual matter which, if accepted as true, would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," a claim is subject to dismissal for failure to state a claim where the complaint pleads facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted)).

Here, Baze's claim against Jump in her official capacity is a claim against Franklin County itself. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." (internal quotation marks omitted)). To state a § 1983 claim against a local government, a plaintiff must allege that the injury complained of was not an isolated act but was caused by an unconstitutional government policy or custom. *Lambert*, 517 F.3d at 439 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). However, Baze does not allege that Jump's conduct was pursuant

to an official policy or informal custom of Franklin County. In the absence of such a credible allegation, his complaint fails to state a claim for relief against the county. *See Jackson v. Heh*, No. 98-4420, 2000 U.S. App. LEXIS 14075, at *22 (6th Cir. June 2, 2000) ("[Plaintiff's] claims against the city were also properly dismissed because he failed to allege that the defendants acted pursuant to a state policy or custom.").

With respect to the claim against Jump in her individual capacity, a liberal construction of Baze's complaint allows the inference that Jump refused to accept properly-completed motions to proceed *in forma pauperis* as a means to bar his access to the courts. However, judicial employees are entitled to quasi-judicial immunity from a claim for damages arising out of the performance of duties closely intertwined with the judicial process. *Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994). In rejecting Baze's motions to proceed *in forma pauperis* on procedural grounds, Jump was performing her function as clerk of the court in interpreting and applying the requirements of the relevant Kentucky statutes and court rules. Accordingly, she is entitled to absolute immunity for a claim predicated on her performance of that function. *See Sirbaugh v. Young*, 25 F. App'x 266, 268 (6th Cir. 2001) (court clerk immune from damages claim for actions interpreting and applying Michigan *in forma pauperis* statute); *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001) ("When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction."). Because Jump is immune from a claim for damages for the conduct alleged in the complaint, the Court will dismiss that claim with prejudice.

Baze also asserts a tort claim under KRS § 522.020 for "failure to preform [sic] their legal duties proscribed [sic] by law." [Record No. 3, p. 4, ¶ 13] Chapter 522 of the Kentucky Revised Statutes is found within Title L, which contains the Kentucky Penal Code. However, the Court need not reach issues arising under Kentucky law regarding Baze's standing to assert a violation of a state criminal statute or the viability of pursuing a civil remedy for its breach. Having dismissed all of the federal claims upon which this Court's federal question jurisdiction is predicated, the Court declines to exercise supplemental jurisdiction over pendent state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (pendent state law claims properly dismissed under Section 1367(c)(3) upon dismissal of arrestee's Fourth Amendment claims); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 803 (6th Cir. 1996) ("[G]enerally, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." (omission in original) (internal quotation marks omitted)). Accordingly, it is hereby

**ORDERED** as follows:

(1) The redress of grievances, due process, equal protection, and right of access claims asserted by Plaintiff Ralph Baze against the defendants in their individual and official capacities and set forth in numerical paragraphs 11, 12, and 13 of the complaint are **DISMISSED**, with prejudice.

(2) The tort claim asserted under KRS § 522.020 against the defendants in their individual and official capacities and set forth in numerical paragraph 13 of the complaint is **DISMISSED**, without prejudice.

This 7th day of May, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge